1

2

3                    **UNITED STATES DISTRICT COURT**

4                         **DISTRICT OF NEVADA**

5                                 * * *

6    JAH FREDERICK NATHANIEL MASON, III,     )
                                             )
7                          Plaintiff,        )
                                             )          2:12-cv-01919-PMP-VCF
8    v.                                      )
                                             )
9                                            )          **ORDER AND**
                                             )          **REPORT & RECOMMENDATION**
10                                           )
     PALAZZO HOTEL AND CASINO, *et al*,      )          (Application to Proceed *In Forma*
11                                           )          *Pauperis* #1 and Complaint #1-1)
                                             )
12                         Defendants.       )
    ─────────────────────────────────────── )
13

14            Before the court are plaintiff Jah Frederick Nathaniel Mason, III's Motion/Application to

15   Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

16   **I.    *In Forma Pauperis* Application**

17            In plaintiff Mason's application, he asserts that he is unemployed and that he receives $350.00

18   a month in disability benefits.  (#1).  Plaintiff asserts that he has -$3.00 in his Chase bank account and

19   that the Palazzo Casino owes him $5,000.  *Id.*  Plaintiff's monthly expenses include $300.00 in rent, $50

20   in utilities, $250.00 in food, $100 in clothing, $50 in laundry, $200 in gas, $50 in recreation, and $100

21   in car insurance.  *Id.*  Plaintiff asserts that he is a "traveling minister and artist for God," and that he

22   spends $100 a month for the operation of his profession.  *Id.*  Accordingly, plaintiff's request to proceed

23   *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

24   **II.    Screening the Complaint**

25            Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

26   complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.    Plaintiff's Claims**

Plaintiff Mason asserts that he was "gifted a $5,000 casino chip in exchange for (6) 4ft x 18 in, acrylic on linen paintings and information pertaining to recent natural disasters being cause by an extreme obliquity shift," and that when he went into the Palazzo Casino to redeem the chip, he was detained by Palazzo security against his will.  (#1-1).  Plaintiff states that the casino had previously been robbed and that the chip had been deactivated. *Id.*  Plaintiff alleges that he called 9-1-1 from the casino security's cell, and that the dispatcher informed him that "the Metro Police had to tell the Palazzo to release [him] because police can only hold suspects for a single hour." *Id.*  Plaintiff filed a criminal complaint against the casino the next day, but alleges that the Las Vegas Metropolitan Police Department (hereinafter "LVMPD") told him that the claim against the casino would likely turn civil. *Id.*  Plaintiff asserts that detectives confirmed that he received the chip *prior* to the robbery, and that the Palazzo falsely imprisoned him. *Id*

2

Plaintiff further alleges that as he was on his way to file a federal civil complaint the next day, that officers from the North Las Vegas Police Department (hereinafter "NLVPD") detained him without probable cause. *Id.* He asserts that when a patrol vehicle blocked him from exiting the NLVPD's parking lot, he drove around the back of the car to exit on to the street. *Id.* The police officer then activated the lights and sirens and pulled plaintiff over. *Id.* The officers stated that the car was pulled over because the license plate could not be seen and wrote plaintiff a ticket for improperly displayed license plates. *Id.* Plaintiff alleges that the officers were racially profiling in violation of N.R.S. 289.820, as the "two white police" pulled over "two black men in a Mercedes." *Id.* Plaintiff asserts that after the illegal stop, he filed a criminal complaint against the officers for "racial profiling." *Id.*

Plaintiff seeks (1) a $5,000 donation to his church, (2) that the Palazzo be ordered to remove his photo and any information regarding him from the database, (3) that the defendants be restrained from harassing, molesting, or soliciting private investigators to follow or otherwise disturb his peace and privacy, and (4) that a special prosecutor be appointed to prosecute false imprisonment offense committed by Palazzo officials and North Las Vegas Police officers for "racial profiling." *Id.*

### B.    Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

3

### 1.    Palazzo Casino

Plaintiff asserts a claim for false imprisonment against defendant Palazzo Casino. (#1-1). False imprisonment is a state crime pursuant to Nevada Revised Statute 200.460, not a civil claim arising under federal law. The court does not have jurisdiction under 28 U.S.C. § 1331 over plaintiff's claim against defendant Palazzo for false imprisonment. If plaintiff intended on alleging a civil claim in tort for false imprisonment, this is a state law claim that does not invoke this court's jurisdiction under 28 U.S.C. § 1331. *See Hernandez v. City of Reno*, 97 Nev. 429, 433, 634 P.2d 668, 671 (Nev.1981).

### 2.    LVMPD

Plaintiff names the LVMPD as a defendant, but does not assert that the department or any of its officers violated his rights in any way. (#1-1). Plaintiff simply asserts that the detective instructed an officer to file plaintiff's criminal claim against the Palazzo and explained that it would most likely be more of a civil matter. *Id.* Plaintiff has not stated a claim against the LVMPD, let alone one that invokes federal jurisdiction. *Ashcroft*, 129 S.Ct. at 1949; 28 U.S.C. § 1331. The claim against LVMPD should be dismissed. *Id.*

### 3.    NLVPD

Plaintiff alleges that NLVPD officers committed racial profiling in violation of NRS 289.820. (#1-1). Chapter 289 of N.R.S. covers rights of peace officers, powers of peace officers, the board governing peace officers, certification of peace officers, and miscellaneous provisions regarding reimbursement for uniform costs and the prohibition of using a choke hold or engaging in racial profiling. N.R.S. Chapter 289. A claim under N.R.S. does not "'arise...under' federal law," and does not invoke this court's jurisdiction under 28 U.S.C. § 1331.

Plaintiff lists the 1st, 4th, 5th, 8th, and 14th amendments and alleges racial profiling in his complaint. (#1-1). The court reasonably concludes that plaintiff intended to assert a civil rights claim under § 1983. *Haines*, 404 U.S. at 520. To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured

4

by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff's complaint alleges claims against NLVPD. (#1-1). Therefore he satisfies the first requirement. *Monroe*, 365 U.S. 167.

With regard to the second requirement, plaintiff does not allege facts that support a claim for a violation of his freedom of speech, religion, press, assembly, or petition (1st Amendment), a violation of his rights against illegal search and seizure (4th Amendment), a violation of his rights against self-incrimination, due process, or double jeopardy (5th Amendment), or that excessive bail was required, excessive fines imposed, or that he suffered cruel and unusual punishment (8th Amendment). (#1-1). Plaintiff does assert, however, that was treated differently when the officers racially profiled, which would be a violation of the 14th Amendment. (#1-1). Therefore, plaintiff satisfies the second requirement to state a claim under § 1983. *See Gibson,* 781 F.2d 1334, 1338; *West,* 487 U.S. 42, 48; *Long,* 442 F.3d 1178, 1185.

Under 28 U.S.C. § 1915(e)(2), however, the court must dismiss a claim against a defendant who is immune from such relief. In a § 1983 action relating to racial profiling, the Ninth Circuit has held that in examining "whether an officer is entitled to qualified immunity, we must determine whether " '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Anderson v. Bott*, 127 F. App'x 266, 267 (9th Cir. 2005)(*citing Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 598, 160 L.Ed.2d 583 (2004) (*quoting Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "[A]n investigatory stop is only justified if there exists some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *Id* (*citing United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66

1  L.Ed.2d 621 (1981)).  Plaintiff admits that he was pulled over because the officers could not see that
2  plaintiff's car had a license plate, as the Colorado temporary tag was located in the wrong place.  (#1-1).
3  Since the facts as alleged by plaintiff do not support of finding of a violation of plaintiff's constitutional
4  rights, the officers are entitled to qualified immunity.  *Anderson*, 127 F. App'x at 267.  Plaintiff's claim
5  against the NLVPD cannot survive.  *See* 28 U.S.C. 1915(e)(2).

6       **C.     Diversity Jurisdiction**

7           Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions
8  in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the
9  matter is between "citizens of different states."  If plaintiff intended to assert a civil claim for false
10 imprisonment against Palazzo, this court does not have jurisdiction over this claim under § 1332.
11 Plaintiff asserts damages of $5,000 as a result of his alleged false imprisonment.  (#1-1).  Therefore, he
12 has not satisfied the first requirement.[1]  *See* 28 U.S.C. § 1332.

13          As the court does not have jurisdiction over plaintiff's claim against defendant Palazzo under
14 28 U.S.C. § 1331 or § 1332, plaintiff failed to state a claim against defendant LVMPD, and defendant
15 NLVPD is immune from plaintiff's claim under § 1983, the plaintiff's complaint (#1-1) should be
16 dismissed *without prejudice*.  *Cato*, 70 F.3d at 1106.  Plaintiff should, however, be given an opportunity
17 to amend his Complaint.  *Id.*

18          Accordingly, and for good cause shown,

19          IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

20          IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion
21 without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma
22 pauperis* status shall not extend to the issuance of subpoenas at government expense.

23 . . .

24

25          [1] Even if plaintiff alleged that the amount in controversy exceeded $75,000, jurisdiction would not be established, as plaintiff has failed to provide the court with sufficient information regarding the citizenship of the parties. (#1-1); 28 U.S.C. § 1332.

26

6

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of November, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**